Smith

*v.*

Clark, Judge.

*(Supreme Court of Appeals of Virginia, Sept. 17, 1889.)*

[10 S. E. Rep. 4.]

Taxation—Collection—Jurisdiction—Case at Bar.

Act Va. 1887, Extra Sess., p. 257, providing for the "recovery * * * of taxes, * * * due the commonwealth, for the payment of which papers purporting to be genuine coupons of the commonwealth have been tendered," declares (section 1) that they "may be recovered in the circuit court having jurisdiction over the county or corporation in which said taxes shall have been assessed": *held*, that the corporation court of Winchester has no jurisdiction over an action to recover such taxes.

Petition for writ of prohibition.

*W. L. Royall*, for petitioner.

Lewis, P., delivered the opinion of the court.

This is a petition for a writ of prohibition to prohibit and restrain the Honorable W. L. Clark, judge of the corporation court for the city of Winchester, from proceeding further in a certain action pending in the said court, wherein the commonwealth, suing by W. R. Alexander, attorney for the commonwealth for the said city, is plaintiff, and the petitioner, German Smith, is the defendant. The grounds of the application for the writ are that the petitioner tendered to the state, through her proper collecting officer, certain overdue tax-receivable coupons of the state in payment of

his taxes for the year 1886, assessed in the said city, which tender was refused ; that afterwards suit was commenced against him for the recovery of the said taxes in the said corporation court, under the supposed authority of the act of assembly approved May 12, 1887, entitled "An act to provide for the recovery, by motion, of taxes and certain debts due the commonwealth, for the payment of which papers purporting to be genuine coupons of the commonwealth have been tendered;" (Acts 1887, Extra Sess., p. 257;) that petitioner appeared in the cause, and objected to the jurisdiction of the court, but the objection was overruled, and judgment entered against him for the amount of the tax, with interest, penalty, and costs ; that an execution issued upon the judgment, in payment of which petitioner tendered coupons, whereupon another suit in the same court was instituted against him upon the said judgment, and another judgment rendered against him ; that, execution having issued upon said last-mentioned judgment, petitioner again tendered coupons, whereupon another suit in the same court was commenced against him upon the said last-mentioned judgment, which is now pending, and which is the proceeding the prosecution of which is sought to be prohibited.

The first section of the act above mentioned enacts as follows : "That all taxes, including taxes on licenses, now due, or which may hereafter become due, to the commonwealth, in payment of which any paper or instrument purporting to be a coupon detached from a bond of this state shall have been, or may hereafter be, tendered, and not accepted, as payment, and not otherwise paid, may be recovered in the circuit court having jurisdiction over the county or corporation in which said taxes shall have been assessed ; or if the tender was made to the auditor of public accounts, in payment of taxes which he is authorized by law to receive, the said taxes may be recovered in the circuit court of the

city of Richmond." The third section enacts that "the proceeding shall be by motion in the name of the commonwealth, on ten days' notice, and shall be instituted and prosecuted by the attorney for the commonwealth of the county or corporation in which the proceeding is ; or, if it be instituted by direction of the auditor of public accounts, in the circuit court of the city of Richmond." The act then goes on to provide for the rendition of judgment, and the issuance of execution, and by the ninth section enacts as follows : "Should coupons be tendered the officer in satisfaction of said execution, he shall note the fact of such tender upon the execution, and return it to the clerk's office, and thereupon the auditor of public accounts may direct an action to be brought upon the judgment. This action shall be instituted and prosecuted in the mode hereinbefore prescribed for actions to recover judgments for taxes ; and similar actions may be instituted whenever coupons are tendered in satisfaction of any judgment obtained by the commonwealth under the provisions of this act."

The argument in support of the application for the writ is that the action in question was brought under the aforementioned act of May 12, 1887, and that that act provides for suits in the circuit courts only ; that, independently of that act, the attorney for the commonwealth has no authority to bring an action for the commonwealth like the one in question, and, therefore, that the said corporation court has no jurisdiction to entertain the action, and the proceeding is *coram non judice.* We are of opinion that this position is well taken, and consequently that the writ must be awarded as prayed for in the petition, and it is so ordered.